**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

PATRICIA A. CASAS,

Plaintiff,

vs.

JO ANNE B. BARNHART, Commissioner of Social Security,

Defendant.

/

CASE NO. 1:04-cv-5152 TAG

MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S APPEAL FROM ADMINISTRATIVE DECISION

ORDER DIRECTING THE CLERK TO ENTER JUDGMENT IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF

Patricia A. Casas ("claimant" or "plaintiff") seeks judicial review of an administrative decision denying her claim for disability benefits under the Social Security Act ("Act"). Pending before the Court is claimant's appeal from the administrative decision of the Commissioner of Social Security ("Commissioner"). Claimant filed her complaint on January 22, 2004, and her opening brief on September 27, 2004. The Commissioner filed her opposition to the appeal on October 25, 2004. Claimant filed a reply brief on November 22, 2004.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties consented to proceed before a United States Magistrate Judge, and, by an order dated June 14, 2004, this action was assigned to the United States Magistrate Judge for all further proceedings.

///

## JURISDICTION

______On October 25, 2001, claimant filed an application for Supplemental Security Income ("SSI") benefits, alleging disability since 1992, due to asthma. (Administrative Record ("AR") 72-75, 78). The application was denied initially and on reconsideration. On June 17, 2003, claimant appeared before Administrative Law Judge ("ALJ") James Ross, at which time he heard testimony from claimant, who was present with her attorney. (AR 24-43). On August 5, 2003, the ALJ issued a decision finding that claimant was not disabled. (AR 16-24). The Appeals Council denied a request for review on November 10, 2003. (AR 5-7). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Claimant filed this action for judicial review pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of both claimant and the Commissioner and will only be summarized here. Claimant was born on August 15, 1944, making her 59 years old on the date of the ALJ's decision. (AR 72, 16). Claimant reported that she stands approximately 5'0" tall and weighs approximately 180 pounds, completed nine years of school and has past relevant work experience consisting of work for a school as a janitor and a teacher's aide/crossing guard. (AR 77, 79). She indicated that she could no longer work because her bronchial asthma and bronchiectasis made it difficult for her to breath when performing daily duties. (AR 78).

At the administrative hearing on June 17, 2003, claimant testified that she completed high school, stands 5'1" tall and weights about 170 pounds. (AR 28-29). She stated that her asthma is made worse by "everything." (AR 34). In particular, claimant testified that her breathing is made worse if she were to work outside in the yard, clean the bathroom, and bend over. (AR 34-35). However, she indicated that she is able to cook when she feels fine and able to walk at a slow pace. (AR 34-36). Claimant stated that she had been to the emergency room three times in the last year because of breathing problems. (AR 37).

///

///

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that claimant is not only unable to do her previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if she is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is not, the decision maker proceeds to step two, which determines whether claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c).

If claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents claimant from performing work she has performed in the past. If claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). If claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other work in the national economy in view of her age, education and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f). See, Bowen v. Yuckert, 482 U.S. 137 (1987).

The initial burden of proof rests upon a claimant to establish a *prima facie* case of entitlement to disability benefits. Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. Kail v. Heckler, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

______Congress has provided a limited scope of judicial review of a Commissioner's decision. See, 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. See, Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985); Sanchez v. Secretary of Health & Human Services, 812 F.2d 509, 510 (9th Cir. 1987) (two consulting physicians found applicant could perform light work contrary to treating physician's findings). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. McAllister v. Sullivan, 888 F.2d 599, 601-602 (9th Cir. 1989); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. Mark v. Celebrezze, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting* Kornock v. Harris, 648 F.2d 525, 526 (9th Cir. 1980)).

///

///

///

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. Sprague v. Bowen, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found at step one that claimant has not engaged in substantial gainful activity since the alleged onset date, October 9, 2001. (AR 12). At step two, the ALJ determined that claimant has the severe impairment of asthma, but that she does not have an impairment or combination of impairments listed in or medically equal to one of the Listings impairments. (AR 12). The ALJ noted that claimant suffers from diabetes mellitus, but that this condition is fairly well controlled with oral medication and is not "severe" as defined in the Social Security Regulations. (AR 12-13).

In reaching his residual functional capacity conclusion, the ALJ concluded that claimant's testimony was not wholly credible. (AR 14). He indicated that she was not credible to the effect she alleged she was totally precluded from all sustained work activity. (AR 14-15). The ALJ found that claimant's capacity for heavy work was substantially intact and has not been significantly compromised by her environmental limitations (she could not work in an environment containing pulmonary pollutants). (AR 15). Since claimant's past relevant work as a janitor required exposure to chemicals, the ALJ found her unable to engage in her past relevant work. (AR 15). However, based on her residual functional capacity, age, education and work experience, the ALJ determined that there were jobs existing in significant numbers in the national economy which claimant could perform. (AR 15). Accordingly, the ALJ found that claimant was not disabled within the meaning of the Social Security Act. (AR 15-16).

///

## ISSUES

Claimant contends that the Commissioner erred as a matter of law. Specifically, she argues that:

1. Remand is required because the Commissioner failed to produce a complete certified administrative record; and

2. The ALJ erred by failing to properly assess the limitations caused by claimant's obesity.

This court must uphold the Commissioner's determination that claimant is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

## DISCUSSION

**A. Complete Administrative Record**

Claimant asserts that remand is necessary because the Commissioner failed to provide her with a complete certified administrative record. (Court Doc. 13, pp. 3-5). Claimant specifically contends that, despite the ALJ's clear reliance on and consideration of medical reports and opinions from claimant's treating physician, Ruben Comelli, M.D., Dr. Comelli's reports do not appear fully in the certified administrative record. (Court Doc. 13, p. 4). She argues that without the opportunity to review the complete record, and particularly Dr. Comelli's full medical records, she has been denied her right to adequately challenge the ALJ's rejection of Dr. Comelli's treating physician opinion.

The Commissioner argues that, contrary to claimant's contention, the administrative record is complete. (Court Doc. 14, p. 7). The Commissioner indicates that there appears to have been an inadvertent clerical error in the copying of the administrative record leading to the "missing pages" of the administrative record being located in the middle of the record, between pages 138 and 139, instead of in the proper location at the end of the record, pages 209-213. (Court Doc. 14, p. 7). The copy of the administrative record reviewed by the undersigned judicial officer, and available for viewing and copying in the Clerk's Office of the United States District Court for the Eastern District of California, located in Fresno, California, contains pages 209-213 in the proper location at the end

///

of the record. Accordingly, although the five pages are apparently absent from claimant's copy of the administrative record,[1] she could have easily obtained these records in the early stages of her appeal by either an informal request of the Commissioner or by obtaining a copy of the relevant pages of the record from the copy of the record held in the Clerk's Office. Moreover, it is significant to note that the "missing records," of which claimant complains, are medical reports from her own treating physician. (AR 206-213). It is reasonable to assume that claimant could have also obtained these records directly from her own treating physician.

Nevertheless, claimant's primary argument pertaining to the "missing" five pages of the record is that it is impossible for her to challenge the propriety of the ALJ's rejection of Dr. Comelli's opinion without being able to review Dr. Comelli's full reports. However, after reviewing the record, the undersigned finds that the ALJ properly discounted the treating physician's opinion in this case and thus any argument pertaining to this ALJ finding would, in any event, be fruitless.

In a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant and his physical condition. Fair v. Bowen, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 744, 751 (9th Cir. 1989) (citations omitted); see, also, 20 C.F.R. § 404.1527. To reject the treating physician's opinion, the ALJ must state specific, legitimate reasons that are supported by substantial evidence. Flaten v. Secretary of Health and Human Serv., 44 F.3d 1453, 1463 (9th Cir. 1995); Fair, 885 F.2d at 605. Historically, the Ninth Circuit courts have recognized conflicting medical evidence; the absence of regular medical treatment during the alleged period of disability; and the lack of medical support for doctors' reports that are based substantially on the claimant's subjective complaints of pain, as specific legitimate reasons for disregarding the treating physician's opinion. Flaten, 44 F.3d at 1463-64; Fair, 885 F.2d at 604.

///

///

---

[1] Claimant indicates in her reply brief that her copy of the administrative record does not contain pages 209-211, either in order or out of order. (Court Doc. 15, p. 4).

Dr. Comelli submitted a letter on June 27, 2003, regarding claimant's impairments. (AR 211). He indicated that he had been attending to claimant since January 24, 2002, and her medical problems consisted of severe asthma and diabetes mellitus, type two, that was well controlled and not causing any significant problems. (AR 211). Dr. Comelli noted that claimant's overall medical condition caused her to have a significant impairment in her ability to perform activities of daily living. (AR 211). He opined that claimant did not have the functional capacity to perform her past work as a cafeteria worker or janitor or any other similar job. (AR 211). He further opined that claimant would be unable to hold any kind of sedentary job for any significant amount of time, given her overall poor condition. (AR 211).

On June 27, 2003, Dr. Comelli filled out a Medical Source Statement of Ability to Do Work-Related Activities (Physical). (AR 212-213). He indicated that claimant could only occasionally lift and/or carry 10 pounds because of fatigue and shortness of breath with minimal activity, stand and/or walk less than two hours in an eight-hour workday due to acute shortness of breath often at rest and always with walking even short distances, and sit six hours of an eight-hour workday. (AR 212-213). He marked that claimant could never climb, occasionally stoop, kneel, crouch or crawl, and frequently balance. (AR 213). Environmental restrictions noted by Dr. Comelli included temperature extremes, chemicals, and dust. (AR 213).

The ALJ accorded little weight to the findings of Dr. Comelli. (AR 14). The ALJ determined that Dr. Comelli's restrictions were inconsistent with, and not supported by, the medical evidence of record. (AR 14). Furthermore, the ALJ held that Dr. Comelli's "very restrictive assessment appears to be an accommodation in an attempt to help the claimant," since Dr. Comelli failed to state such severe limitations in his treatment records. (AR 14).

In making his physical RFC determination, the ALJ instead relied on the opinions of consultative examining physician, Tomas B. Rios, M.D. (AR 13-15). Dr. Rios examined claimant on February 25, 2002. (AR 148-154). Claimant reported her chief complaints as having asthma and diabetes. (AR 148). Dr. Rios noted claimant's general appearance as an obese female patient who was not observed to be in any significant respiratory distress. (AR 149). Upon examination of the chest and lungs, Dr. Rios found some expiratory wheezing, but no retraction was observed and there

was no evidence of significant chronic hypoxic state. (AR 150). Dr. Rios indicated that the pulmonary function testing showed only a mild restrictive and obstructive lung process. (AR 150). He noted that claimant was obese but that her bulk and tone were symmetric and normal. (AR 150). He diagnosed claimant with reactive airway disease and diabetes mellitus. (AR 150). Dr. Rios concluded that claimant should avoid "activities that require her to perform within an enclosed environment where there is frequent exposure to smoke, dust or fumes that could exacerbate [her] reactive airway disease." (AR 150).

On March 27, 2002, a reviewing state agency physician, Elpidio Fonte, M.D., filled out a Physical Residual Functional Capacity Assessment form. (AR 155-161). Dr. Fonte found that claimant could occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, and sit and stand and/or walk about six hours in an eight-hour workday. (AR 156). The non-examining physician noted no postural, manipulative, visual or communicative limitations, and found that claimant's environmental limitations restricted her from concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. (AR 157-159). On October 2, 2002, Dr. Fonte opined that claimant was only partially credible because the medical evidence did not support claimant's allegation that she was unable to work at any job. (AR 204-205). Dr. Fonte indicated he gave weight to the opinion of Dr. Rios and opined that claimant could perform medium exertion work with limited exposure to dust and fumes. (AR 204-205).

According weight to the opinions of examining physician Dr. Rios, and discounting Dr. Comelli's opinions, the ALJ determined that claimant has the residual functional capacity for an unlimited range of heavy work but that she should avoid excessive pulmonary irritants. (AR 14-16). The ALJ provided specific, legitimate rationale for discounting Dr. Comelli's contrary findings. Flaten, 44 F.3d at 1463; Fair, 885 F.2d at 605. Specifically, Dr. Comelli's findings were unsupported by his own treatment records, and his restrictions were inconsistent with, and not supported by, the medical evidence of record. (AR 14). On the other hand, Dr. Rios' findings regarding claimant's physical ability were supported by clinical testing and findings and

///

///

uncontradicted by any other medical professional of record, other than Dr. Comelli. The weight of the record evidence, including Dr. Rios' report, supports the ALJ's conclusion that claimant's capacity for heavy work is substantially intact and has not been compromised by any environmental limitations. (AR 15). Based on the foregoing, the ALJ was justified in adopting Dr. Rios' findings regarding claimant's physical ability and discounting Dr. Comelli's opinions. Any argument in opposition to the ALJ's findings in this regard would be unsuccessful. Accordingly, claimant's assertion that a remand is necessary in order for her to further explore this issue fails.

**B. Obesity**

Claimant next argues that the ALJ failed to recognize and assess the functional limitations imposed by her obesity. (Court Doc. 13, pp. 6-11). She specifically asserts, citing Social Security Ruling ("SSR") 02-01p, that the ALJ erred by failing to properly evaluate and discuss the impact of her obesity. (Court Doc. 13, pp. 6-11). It is claimant's contention that the ALJ should have considered her obesity in conjunction with the aggregate effect of her other impairments.

An ALJ must consider obesity in determinations of disability, Hammock v. Bowen, 879 F.2d 498, 503-504 (9th Cir. 1989) (en banc), unless the ALJ makes a "preliminary finding that the obesity was . . . remediable." Dodrill v. Shalala, 12 F.3d 915 (9th Cir. 1993). See, also, SSR 02-01p (discussing the evaluation of obesity in disability claims), superceding SSR 00-3p. SSR 02-01p states that, "when establishing the existence of obesity, we will generally rely on the judgment of a physician who has examined the claimant and reported his or her appearance and build." (SSR 02-01p, para. 4).

In social security cases, the claimant must demonstrate that she has a severe impairment. See, e.g., Erickson v. Shalala, 9 F.3d 813, 816 (9th Cir. 1993). The claimant is required to present "complete and detailed objective medical reports of h[er] condition from licensed medical professionals." Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). Pursuant to SSR 02-01p, the Social Security Administration "will find that obesity is a 'severe' impairment when, alone or in combination with another medically determinable physical or mental impairment(s), **it significantly limits an individual's physical or mental ability** to do basic work activities. . . . We will also

///

consider the effects of any symptoms (such as pain or fatigue) that could limit functions." (emphasis added). Thus, while the SSR states that the Social Security Administration will evaluate the effects of obesity, it remains claimant's burden to show that obesity has some effect on her functional capacity.

In this case, claimant does not establish or allege that her obesity affects her ability to perform work. Claimant merely states that the medical evidence establishes that she suffers from obesity and the ALJ should have evaluated the effects this obesity had on her ability to sustain work activity. (Court Doc. 13, pp. 8-9). The undersigned thus finds that claimant has failed to demonstrate, or even allege with specificity, that her obesity is associated with functional limitations.

Claimant does indicate that her Body Mass Index ("BMI")[2] is 36.3. (Court Doc. 13, p. 9). It therefore appears that claimant is arguing that, since she has a BMI of 36.3, she has obesity-related impairments which cause functional loss. BMI is established by the National Institute of Health's guidelines which classify a BMI of 30.0 or above as "obesity." (SSR 02-01p, para. 1). However, SSR 02-01p provides that "[t]here is no specific level of weight or BMI that equates with a 'severe' or 'not severe' impairment. . . . Rather, we will do an individualized assessment of the impact of obesity on an individual's functioning when deciding whether the impairment is severe." (SSR 02-01p, para. 6). In this case, Dr. Rios is the only physician of record to find that claimant was obese. (AR 149, 150). However, as noted by the Commissioner, Dr. Rios did not find any associated functional limitations as a result of her obesity. (Court Doc. 14, p. 9). In fact, the only limitations noted by Dr. Rios consisted of environmental restrictions due to potential problems as a result of her diagnosed restrictive airway disease. (AR 150). No other physician of record, including her treating physician, Dr. Comelli, mentions claimant's obesity or any restrictions associated with her obesity.

Claimant argues that the ALJ erred by failing to perform an "individualized assessment" of the impact of obesity on her functioning. (Court Doc. 13, p. 9). However, claimant has not demonstrated, and the record does not reflect, that she suffers from any functional limitations as a result of obesity. Based on the record evidence, the ALJ found that claimant could perform an

---

[2]BMI is the ratio of an individual's weight in kilograms to the square of his or her height in meters. (SSR 02-01p, para. 1).

unlimited range of heavy work. (AR 15-16). The ALJ determined that claimant was able to perform the physical exertion requirements of other employment existing in significant numbers in the nation economy. (AR 15). The medical reports of record fail to support a finding of a loss of functioning caused by obesity, or other impairments, that would prevent claimant from performing other jobs available in the national economy.

As noted above, the ALJ appropriately gave controlling weight to the opinions of examining physician, Dr. Rios. (AR 15; 148-154). See, supra. Dr. Rios diagnosed claimant with reactive airway disease and diabetes mellitus, but did not diagnose her with obesity, despite noting her general appearance as an obese female patient. (AR 149, 150). He noted that claimant was obese but found her bulk and tone were symmetric and normal. (AR 150). Dr. Rios concluded that claimant should avoid "activities that require her to perform within an enclosed environment where there is frequent exposure to smoke, dust or fumes that could exacerbate [her] reactive airway disease" but failed to specifically note any limitations resulting from obesity. (AR 150).

The medical consultant who reviewed claimant's case determined that claimant had the ability to occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, and sit and stand and/or walk about six hours in an eight-hour workday. (AR 156). The state agency reviewing physician additionally marked that claimant had no postural, manipulative, visual or communicative limitations, and found that claimant's environmental limitations restricted her from concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. (AR 157-159). On October 2, 2002, the reviewing physician opined that claimant could perform medium exertion work with limited exposure to dust and fumes. (AR 204-205).

The only relevant medical evidence of record which contradicts any of the opinions of the above medical professionals is the reports of Dr. Comelli. However, as noted above, the ALJ properly discounted the opinions of Dr. Comelli. See, supra. Moreover, Dr. Comelli fails to mention claimant's obesity or any restrictions associated with obesity. No other medical evidence of record contradicts the findings of Dr. Rios or the opinions of the state agency medical consultant.

///

///

The medical evidence fails to support a finding of a loss of functioning caused by obesity, or other impairments, that would prevent claimant from performing other work in the national economy, and, as noted above, claimant has failed to demonstrate otherwise. Substantial evidence in the record supports the ALJ's finding in this regard. Thus, the ALJ properly evaluated the evidence in this case, concluding that obesity did not impact or limit claimant's ability to perform work. Based on the foregoing, the undersigned finds that the ALJ did not err by concluding that obesity did not affect claimant's functioning in this case.

**CONCLUSION**

For the reasons outlined above, the undersigned finds no error in the ALJ's analysis. As such, the Commissioner's decision to deny claimant disability benefits is supported by substantial evidence in the record as a whole and based on proper legal standards. Accordingly, this Court DENIES claimant's appeal from the administrative decision of the Commissioner of Social Security.

The clerk of this Court is DIRECTED to enter judgment as a matter of law in favor of defendant Jo Anne B. Barnhart, Commissioner of Social Security, and against claimant Patricia A. Casas.

IT IS SO ORDERED.

**Dated: June 24, 2005** **/s/ Theresa A. Goldner**
j6eb3d UNITED STATES MAGISTRATE JUDGE